## Russell & Hall *vs.* Rogers.

Where a creditor signed a *composition deed* and *released* his debtor *from all demands*, and subsequently brought an action against him for breach of covenant in discharging a judgment which he had previous to the composition assigned to his creditor, and it appeared that the cause of action accrued previous to the release, *it was held*, that the release was a bar to the action, although the sum set opposite the name of the creditor in the composition deed was for a demand wholly distinct and different from that for which the suit was brought.

A creditor who signs and inserts an amount as due to him in a *composition deed*, cannot subsequently maintain an action against his debtor for a demand existing at the time of the composition but not then taken into account, although the deed of assignment specifies that the property conveyed by the debtor is to be divided among the creditors in proportion to their several demands.

Whether the plaintiff in this case would have been entitled to sustain his action, had it been averred that at the time of signing the composition deed he was ignorant of the fraud committed by his debtor, *quere.*

Composition between debtor and creditor. The plaintiffs sued the defendant for a *breach of covenant* contained in an *assignment* of a bond and warrant of attorney executed by him to them. In the first count of the declaration, they allege that on 8th March, 1821, the defendant assigned to them a bond and warrant of attorney, authorizing the confession of a judgment which he held against two persons of the names of W. & L. Jenks, conditioned for the payment of $600; that they, the plaintiffs, caused judgment to be entered upon the same in the name of the defendant in this cause *as plaintiff* in the said judgment, and that afterwards, on the 30th March, 1822, the *defendant* received satisfaction of such judgment and *discharged* W. & L. Jenks therefrom; and that this court, after the defendant was duly notified to sustain the judgment, annulled the same, and so, &c. In the *second count*, the plaintiffs allege that the defendant, after the entry of the judgment, to wit, on 30th March, 1822, *annulled* the judgment entered against W. & L. Jenks, by an *accord and satisfaction* made with W. & L. Jenks, and so, &c. In the *third count*, they say that after the entry of the judgment against W. & L. Jenks, the defendant

executed a *release* of the judgment to W. & L. Jenks, and the plaintiffs aver that in consequence of such release, this court did, on 3d May, 1830, make an order directing the plaintiff in the said judgment and the plaintiffs in this cause *as the assignees* of the said judgment, to acknowledge satisfaction of the same, whereby they say they lost their judgment against W. & L. Jenks, and the monies secured thereby, and so, &c. The defendant pleaded, 1. *Non est factum;* 2. That *after* the said several supposed breaches of covenant in the declaration mentioned, to wit, on 11th April, 1827, Russell, one of the plaintiffs, by writing under seal, *released* the defendant from all causes of action and demands whatsoever; 3. A plea substantially like the second; and 4. That *after* the breaches of the covenant set forth in the declaration, to wit, on 20th March, 1827, the defendant proposed to the plaintiffs and to divers other persons, his creditors, to assign his property to trustees for the benefit of all his creditors, to be equally divided according to their several demands, and that the plaintiffs and his other creditors then agreed to discharge him from any demand which they had against him, on his assigning all his estate, real and personal, to J. R. and D. S. as trustees, for the benefit of all such creditors as should join in the arrangement; that in pursuance of such agreement, he, the defendant, did, on the 1st April, 1827, execute a deed to J. R. and D. S. of all his estate, &c. and on the 11th April, 1827, the plaintiffs and his other creditors, by writing under seal, released and discharged him, the defendant, from all causes of action and demands whatsoever. To these pleas the plaintiffs replied, after setting forth *verbatim, first* the *composition deed,* bearing date 20th March, 1827, executed by the plaintiffs and by a number of other individuals styling themselves creditors of the defendant, whereby, after reciting that the defendant had proposed to assign his property for the benefit of all his creditors, the signers agreed to discharge the defendant from any demand which they had against him, on his so assigning his estate to J. R. and D. S.; opposite the name of each creditor was subscribed a certain sum, and opposite the names of the plaintiffs in this cause was set the sum of $922,18; *second,* the assignment or conveyance executed by the defendant to J. R. and D. S., bearing date 11th

April, 1827, whereby, after reciting that the defendant was indebted to sundry persons, (specifying their *names* and the *sums due each*, stating the sum due to the plaintiffs to be $922,18,) and stating the agreement as set forth in the defendant's fourth plea, the defendant conveyed all his estate for the benefit of his creditors ; and *third*, the *release* executed by the plaintiffs and the other creditors, bearing date 11th April, 1827, whereby they *released* and *discharged* the defendant from all causes of action and demands whatsoever,—*precludi non*, because the sum of $922,18, set opposite the names of the plaintiffs in the several deeds executed in this matter, as the debt due from the defendant to the plaintiffs, was a debt and demand wholly *distinct and different from the cause of action set forth in the declaration* in this cause. To this replication the defendant demurred.

*S. Stevens*, for the defendant. The plaintiffs are estopped, by the release spread by themselves upon the record, from averring a demand against the defendant existing previous to its execution ; they cannot contradict or gain-say a deed to which they have deliberately affixed their seals. But if the release be considered as a part of one transaction, that is, that the composition, the assignment and the release be viewed as only one instrument, still the plaintiffs' claim is discharged by the release. It is averred in the plea that the breaches of covenant for which the action is brought happened previous to the release, and such averment is not denied ; a denial however would be unavailing, as the plaintiffs' cause of action accrued in 1822, when the judgment against the Messrs. Jenks was discharged by the defendant, and the release was not executed until 1827. Besides, a release executed in pursuance of a composition deed extends to all demands, even to cases of suretyship before default in payment by the principal, and before the debt falls due. There is nothing here to except this demand from the operation of the release ; the fact of its not being scheduled does not exempt it ; the office of the schedule is not to limit the release, but to prevent demands other than those specified from being set up by the creditors in their claims for dividends. To permit the plaintiffs to set up this

demand would be allowing them to contradict their deed; would deprive the defendant of the consideration upon which he made the assignment of his property, and would operate as a fraud upon the other creditors of the defendant, who, it must be presumed, signed the composition deed upon the assumption that the demand of the plaintiffs did not exceed the amount specified by them. Besides, the pleading put in by the plaintiffs as an answer to the pleas of the defendant is so defective in substance, as well as form, that it cannot be sustained.

*H. P. Hunt,* for the plaintiffs. The composition deed, assignment and release are to be viewed as together forming but one instrument, and then it is manifest that the demand in this case is not discharged by the release. The assignment recites the agreement to be, that the defendant is to convey all his property to trustees for the benefit of all his creditors, to be divided among them according to their several demands, the amounts of which are specified; the plaintiffs' demand being set down at $922,18. Now, as to that demand, it is admitted the release is conclusive. But the demand, the subject of this suit, was not in the contemplation of the parties, and though the words of the release are general and sweeping, if, from a view of the whole transaction, it can be discovered that it was not within the intent of the parties, it will be exempted from the operation of the release. It is conceded that it cannot be shown by *parol* that a particular debt was not intended to be released, but it is contended that the general language of a deed will be controlled by other parts of it, so as to effectuate the intent of the parties. Here the object is apparent that the plaintiffs meant only to release the demand set down by them, for only upon such amount could they receive a dividend. The case in 4 *Maule & Sel.* 423, is decisive in favor of the plaintiffs.

*Stevens,* in reply. 4 *Maule & Sel.* 453, is overruled in 15 *Com. Law R.* 502.

*By the Court,* Nelson J.  The replication is no answer to the second, third and fourth pleas of the defendant.  The covenant declared on bears date 8th March, 1821, and the breach alleged is on the 30th March, 1822, when the demand, or cause of action, if any, accrued to the plaintiffs.  The pleas set up in bar of the action a release under seal, executed on the 11th April, 1827, and they expressly aver in addition that it was *after the breaches in the covenant assigned,* and after the supposed causes of action mentioned and relied on in the declaration.

UTICA,
July, 1833.

Russell
v.
Rogers.

The plaintiff, in his replication, craves oyer of the release, and it is set forth, by which it appears that the defendant proposed to his creditors to assign to trustees, for their benefit, all his estate, real and personal, and they agreed to discharge him from *any demand* which they had against him.  This was on the 20th *March*, 1827.  On the 11th *April* the assignment was made, and on the same day the deed of release was executed by the creditors, among whom were the plaintiffs, by which, in terms, they "remised, released, exonerated and forever discharged," &c. the defendant "from all, and all manner of action and actions, cause and causes of actions, suits, bills, bonds, writings, obligations, debts, dues, reckonings, accounts, damages and demands whatsoever, both at law and in equity, or otherwise howsoever against him, which they, or either of them then had, or shall or may have, by reason of any act, matter or cause, from the beginning of the world to the date."  The answer given to this deed of release thus set forth is, that the sum of $922,$\frac{18}{100}$, the amount set opposite to the plaintiffs' names to the agreement to accept the proposition of the defendant, and to the deed of release, was a debt and demand wholly *distinct and different from the cause of action* set forth in the plaintiffs' declaration, and that the covenant there relied on was not included in the demand released.  This presents the question whether the deed of release, which in terms is general and embraces every demand and all causes of action of every name and |nature, is to be restrained and deemed to operate only upon the debt set opposite to the names of the plaintiffs.

The question I think settled upon principle and authority against the plaintiffs. In *Holmes* v. *Viner*, 1 *Esp. R.* 131, (which was confirmed by the K. B. at the ensuing term,) the plaintiff at the time of the defendant's composition with his creditors, held two bills of exchange of which the defendant was acceptor, and was also his creditor to the amount of £81, for goods sold. He signed only as a creditor for the £81, and took his dividend on that sum. Afterwards, when the two bills fell due, he brought an action to recover them of the defendant, as the acceptor. Lord Kenyon decided that it was not to be allowed a creditor having several demands against an insolvent person to split them, and come in under the composition deed for part, and subsequently sue for the remainder; that it would be fraud upon the other creditors, and defeat the object of the composition, which was intended by them to discharge the insolvent from his debts, as well as an oppression upon the debtor, who had given up all his property to constitute a fund for their benefit. He considered the bills as discharged, by signing the composition deed. The doctrine of this case has been supported by all the subsequent cases. 15 *Com. Law R.* 502. *Britton et al.* v. *Hughes, id.* 488. *Knight* v. *Hunt,* 3 *id.* 310.

The case of *Britton* v. *Hughes,* is like the present. At the time of executing the composition deed, which contained a release of all demands, nearly in the terms of that executed in this case, the plaintiff held two bills drawn by the defendant, one of £400, the other £156 10*d.* The latter sum only was put opposite his name, and that too at the request of the defendant, under an expectation that the acceptor would pay the other bill, and therefore no composition notes were taken for it by the plaintiffs. The other creditors were ignorant of this arrangement, and the plaintiff was nonsuited on the trial, on the authority of *Holmes* v. *Viner,* and the opinion sustained by the K. B. The ground is, that upon the face of the composition deed the creditor assumes to compound for the whole of his demand, and the other creditors, therefore, have a right to believe that the sum set opposite his name comprises that amount and to take this fact, with others, into consideration, in forming their judgment as to the propriety of entering into

the arrangement; and to allow him subsequently to set up a debt concealed, and in contradiction to the face of the deed, would be a violation of good faith, and a fraud upon the other creditors.

We admit the soundness of the general rule of law in the construction of instruments relied on by the plaintiffs, to wit, that general words or expressions used, may be restrained and qualified by subsequent specifications or recitals; but no one can examine the composition deed in this case, (and I consider the deed of 20th March, and the two of 11th April, 1827,. as constituting but one instrument, being in *pari materia*, so far as the construction of them is concerned,) and come to the conclusion that the sums set opposite the names of the respective creditors do not embrace, upon a fair interpretation, every demand which they hold against the debtor. The agreement of the creditors, on the acceptance of his proposition to give up all his property is, to discharge him from any demand they had against him; and after the surrender of his property, they release him from all *manner of actions, causes of action, debts, dues, damages and demands, down to its date.* So scrupulous are courts in compelling creditors to the observance of good faith towards one another in cases of this kind, that any *security* taken for an amount beyond the composition agreed upon, or even for that sum, better than that which is common to all, if unknown at the time to the other creditors, is void and inoperative. *Knight* v. *Hunt,* 4 *East,* 371. 2 *T. R.* 763. 15 *Ves.* 52. 4 *T. R.* 166. 3 *id.* 551.

The discharge of the judgment entered upon the bond and warrant of attorney which was assigned to the plaintiffs, by the defendant on the 8th March, 1821, and which constitutes the foundation of their claim in this case, is alleged to have been given 30th March, 1822, and the order of this court directing satisfaction to be entered by virtue of it bears date 3d May, 1830. Now, if in point of fact, the plaintiffs were ignorant of the discharge given by the defendant (the nominal plaintiff in the judgment) at the time of the composition deed,. and relied wholly upon that security for the monies due thereon, and therefore honestly believed that the $922,$\frac{18}{100}$ set opposite to their names was the only demand they held, or in-

tended to hold, against the defendant at the time, and which would have been the fact, had it not been for the fraudulent conduct of the defendant, thus concealed from them, I am not prepared to say this would not be an answer to the deed of release set up in the several pleas in this case. I should be reluctant to sustain the defence, if the facts justified this view of the case ; the fraud, in such case, would lie wholly with the defendant. The only difficulty that could exist, under such circumstances, in sustaining the action, would be with regard to the rights of the other creditors, within the cases above referred to, and I am not prepared to admit that difficulty to be insurmountable. But if the plaintiffs knew of the discharge of the judgment when they signed the composition deed, and of course of their claim upon the defendant for the breach of the covenant, there is no difference or distinction between this debt or demand, and any other which they might have against him. Though his conduct had been dishonest, still it was but a debt or demand to be recovered or discharged as any other might be. This is the view warranted upon the pleadings, and upon which the case is determined.

Judgment for defendant on demurrer, with leave to plaintiffs to amend, on payment of costs.