MORDECAI ADAMS, respondent, *v.* ORRIN OUTHOUSE, appellant.

A promise to pay money made by one to another of several next of kin, to induce the latter to acquiesce in the administrator's account of the estate as presented, and receive the distributive share appearing in that account, and to refrain from taking proceedings to compel such promisor to account for other personal property of the intestate, alleged to have been appropriated by him, is void, if made without the knowledge of all the distributees.

Such a promise is within the principle which avoids all promises and agreements by which one creditor, uniting in a composition deed, seeks to secure an advantage over the other creditors. In such a case, the promisee was estopped from alleging that there was no foundation for the claim made against the defendant as to the appropriation of the estate, and that all the property was actually distributed.

The rule is absolute, which disables every one, acting with others in a matter of common interest, from securing to himself any profit or advantage over his associates by any secret or undisclosed agreement or understanding.

(Argued March 23d; decided April 4th, 1871.)

THIS is an appeal from the judgment of the late General Term of the Supreme Court of the Seventh judicial district, affirm-

ing a judgment in favor of the plaintiff, entered upon the report of Scott Lord, sole referee.

The action was upon several claims assigned to the plaintiff: one for money loaned to the defendant by one Ira Outhouse; one for moneys due upon a settlement and account stated for board, use of horse, and other matters growing out of the joint occupation and cultivation of a farm by the defendant and Ira Outhouse; one for a small balance due Ira Outhouse from the defendant for interest, and which the latter had promised to pay; and lastly, for two sums of $150 each, which the defendant had promised to pay to Ira Outhouse and Abbey Jane Adams, respectively, under the following circumstances: In May, 1865, William Outhouse died intestate at Canandaigua, leaving him surviving several children, and among them the defendant, and Ira Outhouse and Abbey Jane Adams; and letters of administration had been granted to the widow of the intestate and Thomas B. Lyon. In January, 1866, the defendant, his brother and sister above named, and others the next of kin, met, by appointment, the administrator and administratrix, for the purpose of an amicable settlement and division of the estate, and the administrator and administratrix presented a statement of the personal estate which had come to their hands. Ira Outhouse and Mrs. Adams, severally, and without the knowledge of the other children and next of kin, charged the defendant with having appropriated to his own use a considerable portion of the personal estate of the deceased, for which he should account to the representatives, and refused to come to any settlement, or agree upon a distribution of the estate, unless the defendant would account for the property so appropriated and which should come into the distribution, and threatened a suit to compel an accounting. The defendant thereupon, on consideration that Ira Outhouse and Mrs. Adams would agree to a settlement and accept their share and portion of the assets that had come to the hands of the administrator and administratrix, and agree not to prosecute or take any proceedings against the defendant in respect of the

claim then made, agreed to pay to each $150; and they assented, and accepted their portion of the estate as distributed by the administrator and administratrix, and made no further claim upon the defendant.

The agreement was, by an understanding between the parties, concealed from the other children and next of kin. The action was tried by a referee, who gave judgment for the plaintiff for all the claims; and from the judgment of the Supreme Court affirming that judgment the defendant has appealed to this court.

*E. G. Lapham,* for appellant. The case is like a composition with creditors, and a secret understanding on the part of one of them. Such a secret understanding is fatal to the validity of any promise based upon it. (*Russell* v. *Rodgers,* 10 Wend., 473; *Breck* v. *Cole,* 4 Sand., 79; *Carroll* v. *Shields,* 4 E. D. Smith, 466.)

*J. B. Adams,* for respondent. The compromise of a doubtful claim is a good consideration for a promise to pay money, and it is no answer to show that the claim is not a valid one. (*Evans* v. *Hunter,* 28 N. Y., 389; *Russell* v. *Cook,* 3 Hill, 504; *Stewart* v. *Ahrenfieldt,* 4 Denio, 189; *Palmer* v. *North,* 35 Barb., 282.) The compromise itself proves, *prima facie,* an acknowledgment by the defendant that there was color for their objections. (*Seaman* v. *Seaman,* 12 Wend., 381.) If partners have settled their partnership transactions, and have struck a balance, which one has promised to pay the other, the latter may sue at law to recover that balance. (*Clark* v. *Dibble,* 16 Wend., 601; *Powell* v. *Noye,* 23 Barb., 184. See *Glover* v. *Tucker,* 24 Wend., 153.)

ALLEN J. Upon the facts proved by the referee, the claims other than that upon the promise to Ira Outhouse and Mrs. Adams, respectively, upon the occasion of the settlement and distribution of the estate of William Outhouse, were properly allowed.

There was evidence to warrant the findings of fact as to these claims, and this court cannot review the evidence. The legal questions involved in these findings, and the objections to the plaintiff's right to recover thereon, were properly disposed of by the Supreme Court, and the reasons assigned by Judge JOHNSON for an affirmance of the judgment of the referee in respect of that portion of the recovery are entirely satisfactory ; so, too, the exception to the admission of evidence is well answered in the opinion of the court below. But the referee and the Supreme Court erred in giving the plaintiff judgment upon the promise to Ira Outhouse and Mrs. Adams.

They, with the defendant and other children and next of kin, each entitled to a distributive share of the estate of William Outhouse, had met with the representatives of the deceased, for the purpose of an amicable settlement and distribution of the property among those entitled. Ira Outhouse and Mrs. Adams, severally and without the knowledge of the others equally entitled, charged the defendant with the appropriation of a large amount of personal property which should come into the distribution as a part of the estate of the decedent, and threatened a prosecution, refusing to consent to any settlement and distribution until such claim was arranged. To appease and satisfy these persons, and induce them to acquiesce in the settlement and distribution of the estate, the promises were made, and the promisees, with the other children and next of kin of the intestate, made a settlement and agreed upon a distribution of the property and estate, which was carried into effect.

It is evident that the distributees of the estate, other than those taking part in this arrangement, supposed that all were sharing equally in the estate of the intestate, and the settlement and distribution were made and assented to upon the faith of this equality. If any one had refused to come into the arrangement for any reason, it could not have been accomplished. The result, if the promises of the defendant were valid, will be to give to each of the promisees a larger share

and portion of the estate than the others received. The promisees and their assignee, the plaintiff, are estopped from alleging that there was no foundation for the claim they made, and that no part of their ancestor's estate had been appropriated by the defendant, or was omitted from the property then ready for distribution and actually distributed. All present and taking part in the settlement, and receiving a part of the estate, were entitled to share in every part and in the whole of it. No one had a right, or could, in good faith, by any secret arrangement with another, secure to himself any advantage over the others. As each became a party to, and acquiesced in the distribution, he did so upon the faith that he was sharing equally with every other; and any secret agreement or arrangement, which should disturb this equality, was a fraud and a violation of the good faith which each owed to the other, and the confidence which each had a right to repose in the other. They occupied that relation of trust and confidence to each other which called for the exercise of good faith in all, and prohibited each from securing any special advantage to himself. Ira Outhouse and Mrs. Adams, in accepting their share of the estate distributed by the representatives, and becoming parties to the settlement, held out to the others, and induced them to believe, that they accepted the same as their just and full portion of the estate; and the others may be presumed to have been influenced by such action to assent to the settlement. These promises are within the principle which avoids all promises and agreements by which one creditor, uniting in a composition deed, seeks to secure an advantage over the other creditors agreeing to the compromise. Such arrangements and agreements, whatever their form, are uniformly condemned; and no action will lie for the recovery of a debt secretly reserved from the composition, or upon a promise made in consideration of signing the deed. (*Russell* v. *Rogers*, 10 Wend., 473; *Lawrence* v. *Clark*, 36 N. Y., 128.) The principle was reaffirmed and applied by this court in *Bliss* v. *Matteson*, recently decided (*ante*, p. 22), under somewhat peculiar circumstances, which need not be repeated. The case is

Statement of case.

authority for holding that the principles of *Russell* v. *Rogers*, and kindred cases, apply to all cases within the reason of the rule, and absolutely disables every one, acting with others in a matter of common interest, from securing to himself any particular profit or advantage over his associates, by any secret or undisclosed agreement or understanding.

The referee should, at the close of the plaintiff's evidence, on the motion of the defendant then made, and upon the evidence as it then stood, clearly disclosing the transaction, and showing the illegality of the promises to Ira Outhouse and Mrs. Adams, have dismissed the complaint as to the causes of action based upon these promises, and set forth in the second and third counts of the complaint.

The judgment must be reversed, and a new trial granted; costs to abide event.

All concurring,

Judgment reversed.