## SIMPSON TOLAN, Appellant, *against* JOHN F. CARR, Respondent.

(Decided June 30th, 1884.)

After the dissolution of a copartnership between plaintiff and defendant by an agreement by the terms of which the business of the firm was to be settled by defendant, plaintiff induced other parties, who had contracted to sell to the firm lumber of a specified amount and quality, of which some portions had been delivered and part of the purchase money paid before the dissolution, to repudiate the contract and deliver to him, upon a contract with him individually, the residue of the lumber specified. *Held*, that he must account to defendant for the share of the latter. in the profits of the transaction; such profits being the difference between what the firm were to pay, under the contract, for the lumber, and the market value of it at the time of delivery, and at the place where the firm carried on business, less expenses of transportation, cartage, storage, &c., shown by plaintiff to have been incurred.

Where no amount is claimed either in the complaint or answer in an action, if an additional allowance is granted it should be upon the amount recovered in the judgment.

APPEAL from a judgment of this court entered upon the report of a referee and from an order granting an additional allowance.

The facts are stated in the opinion.

*James A. Seaman*, for appellant.

*John H. V. Arnold*, for respondent.

CHARLES P. DALY, Chief Justice.—The contract with the firm of M. & I. H. Murray, made by the defendant in October, 1879, was a valid contract under the statute. A note of Tolan & Carr, payable in thirty days, for a part of the purchase money, was delivered to the firm by the defendant at the time when the order for the lumber was given, and they gave the defendant a receipt for it. It was a contract for a certain quantity of lumber, and the amount

and quality having been specified, and a part of the purchase money having been received by the vendors at the time it was entered into, an action could have been maintained by Tolan & Carr against the vendors for the breach of it.

In May, 1880, following, the plaintiff and defendant agreed upon a dissolution of their copartnership, and this contract, upon which there had been some deliveries, was among the outstanding contracts of the firm, the business of which, after the dissolution, as was agreed upon, was to be settled by the defendant Carr. This being the state of facts, the plaintiff went to Indiana, and without the knowledge of the defendant, and in bad faith, induced the firm of M. & I. H. Murray to repudiate their contract with Tolan & Carr, and the lumber that should have been delivered in fulfilment of it they delivered to the plaintiff Tolan upon an alleged individual contract thereupon entered into with him, and he received the residue of the lumber and all benefit derived from it.

The contract of partnership is one of mutual interest, respect, confidence and good faith; and it is a familiar rule, that if one partner, by a secret transaction like this, derives a private benefit to the detriment of the interest of the firm, he will be compelled in equity to account for it to the partnership (*Mitchell* v. *Read*, 61 N. Y. 126; *Adams* v. *Outhouse*, 45 N. Y. 318; Story on Partnership, c. 9; *Clegg* v. *Edmunds*, 8 De Gex, McN. & G. 787).

The evidence clearly establishes that this was a case of this description, and the referee was right in holding that the plaintiff should account to the defendant for his (the defendant's) share in the profits derived from the purchase and delivery to the plaintiff of this lumber. It was shown what that profit was—the difference between what the firm of Tolan & Carr were to pay, under the contract, for the lumber in Indiana where the contract was made, in October, 1879, and the market value of it in this city, at the time of delivery in the following year, less the expense of transportation. The referee properly allowed the de-

fendant one half of this. If there were other expenses —such as cartage, storage, &c., incurred in this city after it arrived and before the sale of it—which would have diminished this amount, it was for the plaintiff to show it as it was a fact specially within his knowledge, he having received the lumber from M. & I. H. Murray, after the dissolution upon, as he claimed, his individual contract.

The judgment founded on the referee's report therefore should be affirmed.

There was no amount claimed, either in the complaint or in the answer. The allowance, therefore, should have been on the amount recovered in the judgment. The order, consequently, should be modified by striking out the excess beyond this and affirming the order for the residue, without costs to either party on the appeal from the order, as it is affirmed in part and reversed in part.

LARREMORE and BEACH, JJ., concurred.

Judgment affirmed and order modified accordingly.