VREELAND v. TURNER.

CONTRACTS—SECRET ADVANTAGE OVER ASSOCIATES—PUBLIC POLICY.
    A promise which seeks to secure to one of several, who are act-
    ing in a matter of common interest, a secret advantage over
    .his associates, is void as against public policy. So *held*, where
    one of the creditors of an insolvent estate withdrew his aid
    from a suit pending in the interest of all the creditors, upon
    defendant's promise to pay his claim.

Error to Wayne; Frazer, J. Submitted January 26,
1898. Decided June 28, 1898.

*Assumpsit* by Jacob R. Vreeland against Robert
Turner on a contract for the payment of money. From a
judgment for defendant on verdict directed by the court,
plaintiff brings error. Affirmed.

*James H. Pound*, for appellant.

*E. T. Wood*, for appellee.

MONTGOMERY, J. This is an action of *assumpsit*.
At the close of the testimony, the circuit judge directed a
verdict for the defendant, and plaintiff brings error.

The cause of action stated in the declaration is that
plaintiff "had a valid claim against the estate of David
Wallace, an incompetent, which he forebore to press upon
the express promise of Robert Turner to pay the same to
him, said claim being otherwise good, and a valid and
legal claim." On the trial the following facts appeared:
Plaintiff had a claim of $230 against the estate of David
Wallace, deceased. David Wallace had in his lifetime
conveyed all of his property to his wife, Harriet J. Wal-
lace, who died before her husband. Defendant was
executor of the estate of Harriet J. Wallace. The admin-
istrator of the estate of David Wallace, George McDon-

ald, had filed a bill to set aside the conveyance from
David Wallace to Harriet J. Wallace in the interest of
creditors of David Wallace's estate. On the filing of this
bill in the interest of these creditors, a bond was executed
by the administrator of the David Wallace estate and
four of the creditors of said estate, of whom plaintiff was
one, as security for costs. Plaintiff's counsel states in his
brief his inference from the testimony, as follows:

"That plaintiff went upon said bond, and furnished the
co-security, so that he could get what was coming to him;
when the defendant came to plaintiff, and asked him to
get off the bond, and withdraw his aid from the suit, in
consideration of which action defendant promised plaintiff
to pay him a certain sum of money, agreed, as plaintiff
claims, to be the sum of $230; that this proposition, which
plaintiff claims defendant accepted, was greatly to defend-
ant's personal profit."

The questions raised by defendant's counsel are whether
this alleged promise was an original promise or a col-
lateral promise. It appears that the plaintiff received
from the estate of David Wallace 57 per cent. of his claim
later on, and it does not appear affirmatively that the
estate of David Wallace was discharged of any obligation
to plaintiff. The circuit judge held that the agreement,
as testified to by plaintiff, was, under the circumstances
disclosed, against public policy. We are cited to no case
directly in point, but we think, on principle, the ruling of
the circuit judge should be sustained. The proceeding
instituted was in the interest of the several creditors of
the David Wallace estate. By the agreement made, one
of these creditors sought to secure an advantage over
the other creditors by a secret arrangement, which the
law does not favor. The case is in principle like that of
*Adams* v. *Outhouse*, 45 N. Y. 318. In that case several
of the next of kin were about to take proceedings against
the administrator to oppose his account of the estate, and
to compel him to account for other personal property
claimed to have been appropriated by him. He secretly
promised two of them that, if they would acquiesce in

his account, he would pay them a certain sum. They acquiesced, and the others ceased opposition, and came to a settlement. The promise was held void. In the present case the plaintiff and the other creditors of the David Wallace estate were seeking to reach a fund in which they had a common interest. It was bad faith in the plaintiff to seek to divert any portion of that fund, and the contract must be held to be against public policy. See Greenh. Pub. Pol. 136.

Judgment will be affirmed, with costs.

The other Justices concurred.