## GEORGE F. SEAMAN *vs.* WILLIAM H. COLLEY.

Suffolk.    March 14, 1901. — April 3, 1901.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

One of two executors had been found by a jury to have induced the testator by fraud or undue influence to make a certain codicil, and these findings had been set aside and a new trial granted. Without the knowledge of the court in which the probate of the codicil was pending, this executor personally made a contract to pay $500 to one of the two next of kin of the testator in consideration of his withdrawing his opposition to the probate of the codicil. There was no evidence of fraud. *Held,* that this contract was enforceable and not contrary to public policy.

CONTRACT to recover the sum of $500, alleged by the plaintiff to have been promised to him by the defendant in consideration of the withdrawal of his objections to the allowance of the third codicil to the will of one Nathaniel Springfield. Writ dated May 29, 1899.

The answer contained a general denial and also alleged that the contract declared on was void as being against public policy.

At the trial in the Superior Court, before *Bond*, J., it appeared, that Nathaniel Springfield, formerly a slave, came North before the Civil War, and died testate on December 17, 1896, leaving an estate of about $30,000 ; that the plaintiff was the

only child of a deceased daughter of Springfield, whose only other next of kin was a son, Theophilus Springfield; that his will with three codicils was presented for probate by the executors therein named, Henry A. Halliday and William H. Colley, the defendant; that Theophilus Springfield and the plaintiff appeared and opposed the probating of the will and codicils; that the Probate Court admitted the will and codicils to probate; that Theophilus Springfield and the plaintiff appealed to the Supreme Judicial Court; that at the hearing of the case before *Lathrop,* J., issues were framed for the jury in regard to the third codicil only; that the issues and the answers thereto were as follows: "First Issue. Was the instrument which is offered for probate as the third codicil to the will of the said Nathaniel Springfield, and dated July 17, 1896, duly executed by him as and for a third codicil to his last will? Answer. Yes. Second Issue. Was the said Nathaniel Springfield, at the time of the execution of said third codicil, of sound mind? Answer. No. Third Issue. Was the said Nathaniel Springfield induced by the fraud or undue influence of William H. Colley or Henry A. Halliday to execute said third codicil? Answer. Yes, as to William H. Colley. No, as to Henry A. Halliday"; that on motion of the executors to set aside the verdict on the second and third issues as against the evidence and the weight of evidence, the justice set aside the verdict on those issues and granted a new trial; that shortly before the new trial took place one Thomas E. Bowser was appointed guardian of Theophilus Springfield, who was weak minded, and William Schofield was appointed guardian of unborn children of Theophilus and the plaintiff; that at the following term, April, 1898, when the case came on for trial, a writing signed by the present plaintiff was presented to the court by the counsel for the present defendant, stating in effect that the plaintiff withdrew his appeal and waived his objections, and thereupon the will and codicils were allowed; and that the court was not informed of the alleged contract. These facts were not disputed.

The plaintiff testified in substance that early in February, 1898, after the verdict had been set aside and a new trial granted, and about seven weeks before the case came on again for trial, the defendant promised to pay him $300 in money and

give him $200 to start in business, if he would waive his objections to the third codicil; that he accordingly withdrew his appeal in writing, and consented to the probating of the will, but the defendant had refused to pay him any part of the money promised.

The defendant denied that he had made any agreement to pay the plaintiff $500 or any sum whatever to waive his appeal, and alleged that the plaintiff had done it voluntarily.

The defendant's counsel made the following requests for rulings: 1. That the contract set forth in the plaintiff's declaration is against public policy. 2. That upon all the pleadings and evidence in the case the contract set forth and testified to by the plaintiff is void as against public policy.

These rulings were refused by the judge, and the defendant excepted.

The judge instructed the jury that if they were satisfied upon the evidence that the defendant had promised to pay the plaintiff $500 as testified to by the plaintiff if he would waive his objections to the third codicil and the plaintiff did waive his objections, it would be a valid promise and the plaintiff would be entitled to recover. The defendant excepted to this instruction.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. K. Linscott,* for the defendant.

*W. J. Williams,* for the plaintiff.

HOLMES, C. J. This is an action on a contract to pay the plaintiff $500 in consideration of his withdrawing his opposition to the probate of the third codicil to his grandfather's will. The probate court had admitted the will and codicils to probate, an appeal had been taken, and the plaintiff and the other next of kin had prevailed before the jury on the issues of sanity and undue influence of the defendant, who was one of the executors. These findings had been set aside, and when the case came on for another trial the plaintiff waived his objections, and the will and codicils were allowed. The court was not informed of the agreement now sued upon. At the trial of the present case a ruling was asked that the contract was against public policy. The ruling was refused, and the case is here on exceptions.

It is argued that the contract was a fraud upon the court, the other appellant and the estate, but in our opinion only the first branch of the argument is open.

The other next of kin was a weak minded son of the testator, who was under guardianship, but it does not appear that his conduct or that of any other person than the parties to the bargain was influenced, or was expected or even likely to be influenced, by the plaintiff's course. It does not appear that the other parties to the appeal were not informed of the plaintiff's arrangement and of the motives which induced his change. Therefore *Adams* v. *Outhouse*, 45 N. Y. 318, does not apply. The will and codicils are not before us, and it does not appear that there was any other interest to be affected. The only ground on which it can be argued that the bargain was against public policy is that such bargains cannot be made without informing the court, for, if the matter had been known to every one, it would be absurd to say that the plaintiff was not free to consult his own interest in opposing or withdrawing opposition to the codicil, as well for money as without it. Indeed such arrangements as the present have been said to be entitled to the highest favor of the courts. *Leach* v. *Fobes*, 11 Gray, 506.

But it was not necessary that the court should be informed of the plaintiff's motives. The court had no interest in the matter. Civil proceedings in court are not scientific investigations the end of which always must be objective truth. No doubt the failure to inform the court might be coupled with other circumstances in such a way as to show that the agreement was part of a scheme of fraud. If there was evidence of any fraud on any one interested, we presume that the defendant had the chance to argue that as well as his denial of the contract. But there is nothing in the bill of exceptions that shows fraud as matter of law, or even raises any particular suspicion of it. The fact that the defendant denied the contract almost, if not quite, excludes the notion of connivance between him and the plaintiff to the detriment of the testator's son. See *Boston Bar Association* v. *Greenhood*, 168 Mass. 169, 187, 188.

It is suggested that the tendency of the contract on the defendant's part is to make him seek to reimburse himself out of the estate. This appears to us entirely speculative. The de-

fendant's accounts will be open to scrutiny, and no doubt the parties interested in them will have their eye upon him in case the temptation which he has suggested should become real.

*Exceptions overruled.*