Van Foss an,
dissenting: I find myself in disagreement with the majority of the Board on the first point involved in this case. The question is whether or not the failure of the decedent to perform fully his agreement with his daughter gave rise to a valid, enforceable claim against his estate, the amount of which is' deductible from the value of his gross estate.
Section 303(a)(1) of the Revenue Act of 1924 is applicable to this question. Pursuant to that section the value of the decedent’s *1258 net estate is to be determined by deducting from the value of the gross estate certain items, specified in the section, including claims and indebtedness which were incurred or contracted “bona fide and for a fair consideration in money or money’s worth.”
The respondent does not contend that there was any lack of good faith in the agreement executed December 1, 1923, by the decedent and his daughter. He contends, however, that the decedent’s obligations as set forth in the agreement were not supported by a fair consideration in money or money’s worth.
Examination of the terms of the agreement discloses that the daughter not only contracted to make no further claims or demands against her father during his life or against his estate after his death, but also covenanted to “ respect and abide by any last will and testament ” executed by her father and not to enter into any suit “ to contest any such will.” On his part the decedent agreed to pay over for his daughter’s benefit the sum of $50,000 and to pay her an income at the rate of $2,500 per year until such time as the principal sum should be paid by him.
While it is true that at common law a mere possibility could not be assigned, equity recognized the force of such agreements as the one now in question and gave them effect and validity. In re Garcelon’s Estate, 104 Cal. 570; 38 Eac. 414. In Story’s Equity Jurisprudence, vol. 2, sec. 1040(c), it is stated that:
The naked possibility or expectancy of an heir to his ancestor’s estate may become the subject of a contract of sale or settlement, and in such case if made bona fide for a valuable consideration it will be enforced in equity after the death of the ancestor; not indeed, as a trust attaching to the estate but as a right of contract.
In Brands v. De Witt, 44 N. J. Eq. 544; 10 Atl. 181; 14 Atl. 894, the court held that:
An heir at law may for a sufficient consideration release to his father the share which he might have at the parent’s decease in the latter’s estate, either real or personal, so that he will thereby be estopped from establishing any claim thereto as one of the heirs at law or next of kin.
There has never been any question about agreements made between the heirs or next of kin and the representative of an estate, after the death of the testator, concerning compromises and settlements. These have always been sustained by the courts when made in good faith and not against public policy. Moss v. Cohen, 158 N. Y. 240; 53 N. E. 8; Grochowski v. Grochowski, 77 Neb. 506; 109 N. W. 742; Seaman v. Colley, 178 Mass. 478; 59 N. E. 1017. The present proceeding, however, is not such a case. In In re Coolers Will, 244 N. Y. 63; 154 N. E. 823, the court discussed the enforceability of an agreement essentially similar to the one in question in this proceeding. In that case the court said,
*1259 We are not here dealing with agreements made after the death of the testator, but agreements made before the death of the testator regarding the future disposition to be made of an estate and the claims of the parties thereto. Such agreements are akin to those implied in the taking of a legacy bequeathed upon the conditions stated in the will that no contest shall be made. Such provisions have been recognized as good. Bradford v. Bradford, 19 Ohio St. 546, 2 Am. Rep. 419; 2 Jarmon on Wills *902; 2 Redfield on Wills *298; Smithsonian Institution v. Meech, 169 U. S. 398; * * *. Every consideration of justice would demand that such an agreement fairly and openly made while the testatrix was alive, and relied upon in disposing of her property, should be supported.
Under the agreement in this proceeding the decedent’s daughter, Helen Marie Latty, became as a stranger to his estate. In consideration of her father’s promise she parted with a valuable right, namely, her right as heir and next of kin to endeavor, if she chose, by means of a contest of her father’s will, after his death, to secure a large share of his estate, which, as the facts show, amounted to more than $900,000. Whether or not there were grounds for such a contest is a question of no moment. The right to contest her parent’s will after his death was of itself a right of value, Sheppy v. Stevens, 185 Fed. 147; In re Polhemus’ Estate, 145 N. Y. S. 1107, and in my opinion the surrender of this right by the daughter constituted a fair consideration in money or money’s worth to support the promise made by the decedent. Ferguson v. Dickson, 800 Fed. 961.
For the foregoing reasons I am of the opinion that, because of the decedent’s failure to perform the terms of the agreement on his part to be performed, there arose an enforceable claim against the decedent’s estate for the sum of $50,000 with interest. Since the executrix settled this claim by its payment in full, the amount thereof is deductible from the gross estate of the decedent under the provisions of section 303(a) (1) of the Revenue Act of 1924.
For these reasons I must dissent from the conclusion reached.