T. BENEDICT LYNCH et al., Plaintiffs, *v.* SAMUEL MOSKOWITZ, Defendant.

City Court of the City of New York, Special Term, New York County, January 17, 1945.

*Levy & Kornblum* for defendant.

*Irwin Isaacs* for plaintiffs.

SCHIMMEL, J.   The defendant was an officer, director and stockholder of a company which owned a parcel of real estate in the borough of Brooklyn, city of New York, encumbered by a first mortgage under which there remained due and unpaid the principal sum of $204,088 and some interest.   The mortgagee was Lawyers Title and Guaranty Company, the affairs of which had been taken over for rehabilitation by the Superintendent of Insurance of the State of New York under the Schackno Act (L. 1933, ch. 745).   The mortgage was a certificated issue guaranteed by the said Lawyers Title and Guaranty Company. The Brooklyn Trust Company had been appointed trustee under the provisions of the Schackno Act.

A plan was presented for approval to the Supreme Court, Kings County, whereby the owner of the real property was to purchase the mortgage for $140,000, to be distributed, presumably after deduction of administration expenses, among certificate holders.   When the offer was increased to $151,000 it was approved by a justice of the Supreme Court, after certificate holders had been given an opportunity to be heard and to object to the plan.   To make the plan effective approval of the Supreme Court was required by the provisions of the Schackno Act.

The plaintiff T. Benedict Lynch had declared his intention to object to approval by the court of the aforesaid plan, whereupon a written agreement was entered into between defendant and said plaintiff by which defendant agreed to purchase the certificates held by plaintiff Alice M. Lynch and " to pay therefor the entire unpaid balance of principal remaining due upon the said certificate, together with accrued interest thereon * * * ". It was provided that payment should be made as follows: " In the event the proposal for the liquidation of the said mortgage is approved by the Supreme Court, the said Alice M. Lynch shall receive the entire unpaid balance of principal remaining due upon her said certificate, together with accrued interest thereon, as aforesaid. Such payment, however, shall be made and the certificate delivered only in the event that the proposal for the liquidation of the said mortgage is approved by the Court."

Thus, in the event of approval of the plan, plaintiff Alice M. Lynch was to receive more favorable treatment than other certificate holders. This alone might not make the agreement between plaintiffs and defendant illegal. But clearly the agreement is tainted by an illegal consideration. Plaintiff T. Benedict Lynch admits that he stated to defendant that he would " appear in court to oppose the plan of reorganization," and that thereupon the defendant agreed to buy the Lynch certificate and to pay the full amount due on that certificate. This was not a private litigation which could thus be legitimately settled. It is contrary to public policy for the owner of the real estate, or someone acting on its behalf, to make a private arrangement with a certificate holder in order to prevent the latter from raising or pressing objections before the court to a plan of liquidation or reorganization under the Schackno Act. Such an arrangement or agreement is likely to result in the concealment of material facts from the court which must pass upon the plan. It is apt to be detrimental to other certificate holders. It is repugnant to the implicit purposes of the act. To give it legal sanction is not conducive to sound and effective administration of the statute. (Cf. *Adams* v. *Outhouse,* 45 N. Y. 318; *H. N. Bank* v. *Blake,* 142 N. Y. 404; *First Citizens Bank & Trust Co.* v. *Speaker,* 250 App. Div. 824, modfg. and affg. 159 Misc. 427.) The rule is stated in *Richardson* v. *Crandall* (48 N. Y. 348, 362): " In all cases where contracts are claimed to be void as against public policy, it matters not that any particular contract is free from any taint of actual fraud, oppression or corruption.

The laws look to the general tendency of such contracts. The vice is in the very nature of the contract, and it is condemned as belonging to a class which the law will not tolerate.''

This court will not enforce the agreement, but will leave the parties where it finds them.

Defendant's motion for summary judgment under rule 113 of the Rules of Civil Practice is granted and the complaint is dismissed.