16413

PEOPLES NAT. BANK OF ROCK HILL, S. C., v. ROGERS *ET AL.*
(61 S. E. (2d) 391)

*Mr. John M. Spratt;* of York, *Guardian Ad Litem for the Minor Appellants.*

*Messrs. Hayes & Hayes* of Rock Hill, *for Appellant, Richard Nowak and his Guardian ad litem, Billy D. Hayes.*

*Messrs. Paul Conaway* and *Spencer & Spencer,* of Rock Hill, *for Respondent, Peoples National Bank of Rock Hill, Executor and Trustee,*

*Messrs. Roddey & Ward, of Rock Hill, for individual Respondents.*

September 26, 1950.

PER CURIAM.

This is an action in equity to confirm and enforce an agreement of settlement of a will contest and estate in which minors are interested. The latter feature necssitated the litigation. The guardians *ad litem* of the infants have appealed, apparently only to submit the interests which they represent to the protection of the court of last resort. The points they raise were correctly decided in the decree of the circuit court from which the following paragraphs are taken and adopted as our judgment.

Very full hearings were had before the referee which are reflected in the minutes of references; and in due course the referee filed his report presenting the factual matters established in response to the pleadings by the evidence, together with legal conclusions; and after most careful consideration in a very full and highly enlightening report, recommended that the compromise agreement represented a *bona fide* settlement, "entered into in good faith by all the adult parties for themselves and in behalf of their respective minor children, (as the children's parents and best friends for the best interests of all concerned), upon advice of competent counsel; and that as the result of the said compromise, family peace and harmony has been preserved and the testimony leads to the inescapable conclusion that all beneficiaries under the will derived greater benefits under the agreement than they could have possibly derived under the will had the contest of the will finally resulted in its admission to probate, notwithstanding the fact that had the contestants been successful, none of the beneficiaries except the Rogers children would have received anything; and from the evidence and pleadings, there are reasonable grounds to believe that the will may have been set aside. * * *"

The questions for determination are whether the court can and will sanction, approve and direct the carrying out of the compromise agreement entered into between the devises, legatees and beneficiaries of the Rogers will, constituting one class, and the heirs at law, constituting another class, in the face of last will and testament duly admitted to

probate contested by the heirs at law as invalid, involving the rights of minors who were not parties to the agreement and the carrying out of which agreement will result in abrogating or substantially changing benefits and trusts established by the will.

Furthermore, was the compromise agreement made in good faith (1) to avoid the danger to each side of pending law suit in which it would be finally determined whether the will would stand; (2) to avoid family disputes between decedent's second wife and her two children—step-children of the testator, and the children of decedent; (3) will the minor defendants' interests be safeguarded and bettered by carrying out the compromise agreement rather than risking litigation with attendant heavy costs and expenses and the chance of losing all; (4) has it been clearly established that the compromise agreement was the result of the foregoing causes; and (5) that there was no purpose or ulterior motive between the parties to the compromise agreement to change or annul the will or any of the provisions thereof?

The report of the referee is bottomed upon convincing facts that the will of Ray W. Rogers was being contested by his children upon the alleged grounds of undue influence and mental incapacity with the charge that their father would not have left practically nothing to his own children and given the bulk of his estate to his second wife and her children, the Nowaks, and because of mental incapacity; that after the will had been admitted to probate, the children had commenced proceeding in the Probate Court to have the will proven in solemn form and contesting the same upon the above grounds; that the plaintiff, as executor and trustee, was handicapped by lack of knowledge and cooperation in supplying necessary information of the decedent's affairs to tax authorities without which information it appeared that the entire estate would be wiped out; that a large claim had been presented by one of the Rogers children and there were many family disputes over vital estate matters; that in absolutely good faith, negotiations had arisen and re-

sulted in the compromise agreement setting forth the exact rights, properties and benefits which would come to all devisees or beneficiaries under the will and to all the heirs at law who were engaged in contesting the will; that the contest of the disputed will was *bona fide* and the compromise agreement accomplished a settlement to avoid bitter and costly litigation and family disputes and created many other benefits, and that as concerns the minor defendants, it would be far better to have the compromise agreement confirmed rather than subject them to the high cost and expenses and danger of prolonged litigation.

The record in this case shows that the defendant grandchild, Phillip Gray, was born after the death of testator, and all other grandchildren in the same class with him were properly before the court. In this connection, the case of *Pippin v. Sams,* 174 S. C. 444, 177 S. E. 659, and the many cases cited therein, establish the rule that only members of a class who are *in esse* at the death of testator would take in the absence of otherwise clearly expressed intention which did not exist in the Rogers will.

The beneficiaries under a will and the heirs at law of the testator have the authority to compromise a contest involving the validity of the will, and, therefore, a proper contract and agreement entered into by them, which represents a compromise settlement of such a controversy, is binding upon the parties. This is generally recognized by a majority of the Courts of last resort in the United States. Reference is made to the following authorities:

See Annotation on the Subject "Contract to Refrain From Contesting Will", 55 A. L. R. beginning at page 811. The Editor in this annotation says:

"By the great weight of authority a bona fide agreement by one interested in the Estate of a Testator to refrain from contesting the will is valid. It is not void as against public policy, since it lessens litigation, and the forbearance to sue being a detriment to the promisee is a sufficient consideration to support the promise."

A leading case upon the validity of contract not to contest the Probate of a will is *Seamen v. Seamen,* 12 Wend., N. Y., 381, wherein the Court said: "Whether he would have succeeded in the litigation is not the test; if this were so, there would be no·security nor anything gained by compromising a doubtful or litigated claim by stipulation to be afterwards fulfilled; for, then, to procure a fulfillment of it, the party would be obliged to show he gave up a right or claim which he could have enforced at law, and the old controversy must be litigated over again. It is enough that he yielded to his adversaries the right he possessed to contest the will; that he has done, and the compromise itself proves *prima facie* an acknowledgment by the defendants that there was color for his objections."

The Editor's Note to the Annotation in 55 A. L. R. at page 815 reads as follows: "The validity of a contract not to contest a will is based upon the ground that forbearance of the promisor to sue is the relinquishment of a legal right. Therefore, it follows that if ·he had no right to sue in the first place, he has by his forbearance given up nothing. Thus, it has been held that reasonable grounds for controversy must exist, that a promise by a stranger is not sufficient consideration to support a contract, and that if there is no doubt of the validity of the will a promise to forbear contesting it is not a valuable consideration."

See also Annotation of the general subject "Consideration For Compromise of Family Dispute of Estate", 38 A. L. R. 734, quoting from Editor's Note: "The giving up of a contest to a will begun in good faith or intended in good faith is a sufficient consideration for a promise to pay money or convey property."

Such agreements are not against public policy. The case of *Seaman v. Colley,* 178 Mass. 478, 59 N. E. 1017, citing *Leach v. Fobes,* 11 Gray, Mass., 506, 71 Am. Dec. 732, where the sole daughter and heiress of a testator objected to the probate of his will on the grounds of undue influence

and compromised the matter by agreement with her step-mother as to the division of the estate, the court there said in approving the agreement: "The agreement set out in the bill is of a nature which is entitled to the highest favor at the hands of a court of equity. It is the result of a family compromise of a controversy which had arisen between the heir at law and the devisee of a testator, concerning his sanity and free agency at the time of making his last will. Such contracts are not against public policy. On the contrary, as they contribute to the peace and harmony of families and to the prevention of litigation, they will be supported in equity without an inquiry into the adequacy of the consideration on which they are founded."

Many of the decisions found in these annotations under both the subjects above referred to recognize the right of beneficiaries under a will and heirs at law of a testator as well as beneficiaries under a will among themselves to enter into a binding agreement to make disposition of the assets of the estate in a manner satisfactory to themselves, and different from that directed in the last will and testament of the testator. Where there are reasonable grounds upon which the validity of the will may be questioned, and the contestants intend in good faith to make such attack, then there is no question that the parties may enter into a binding agreement by way of compromise settlement of their differences, and such agreement will be enforced and upheld by the courts, based upon the premise that generally speaking litigants may compromise their differences and such compromises are looked upon with favor by the courts, and upon the further ground that there is no question of public policy involved, since it is the right and privilege of each person to contract with reference to his property and rights.

In this case, the adult beneficiaries and heirs at law do not rest the right to compromise and to have that compromise agreement enforced upon the sole authority to contract with one another concerning their prop-

erty and rights, but the agreement represents a compromise of a will contest. The heirs at law, children of the testator, Ray W. Rogers, were in large measure disinherited under the terms and provisions of the will. They had actually filed in the Probate Court petition requiring that the will be proven in solemn form of law, and asserted the invalidity of the will upon the ground that the testator at the time of the making of the will was mentally incompetent and upon the ground that undue influence had been brought to bear and exercised upon the mind of the testator.

The testimony taken at the references goes much further than that, and establishes the fact that such contest was entered into in good faith on the part of the children of Ray W. Rogers; they were doing so with a reasonable and fair opinion of their success and had reasonable grounds to form such belief. Just as in the case of *Seamen v. Seamen, supra,* the compromise agreement itself is evidence of the fact that the controversy existed, and that the contestants of the will were acting in good faith, since the signing of the compromise agreement itself is an acknowledgment that there was at least doubt and question existing in the minds of the proponents of the will, so the facts of the case at bar would bring it within the rule that there must be reasonable grounds for the contest and good faith required on the part of all of the parties to the controversy. See also Supplemental Annotation reported in 118 A. L. R. under the general subject "Consideration for Compromise of Family Disputes of Estates" at page 1357. Attention is called to the Editor's note on page 1359, 118 A. L. R., wherein it is stated that there is a want of harmony in the authorities on the question whether there must be in addition reasonable grounds for the threatened contest to constitute a good consideration.

See also 57 American Jurisprudence, page 648, Section 998: "By the great weight of authority, a bona fide agreement by one interested in the estate of a testator to refrain

from contesting the will is valid. It is not void as against public policy since it lessens litigation; and the forbearance to contest being a detriment, is a sufficient consideration to support the promise of the proponent of the will, at least where there is a reasonable ground of contest and a possibility of success in a contest. * * * On the contrary, such agreements are favored, since they preserve harmony and prevent disputes and litigation."

See section 131, 27 American Jurisprudence, page 851: "If a compromise should seem desirable to a next friend or guardian ad litem, the proper course is for him to submit it to the court, by whom he was appointed or permitted to act, for its approval and sanction. When so approved, it will be valid and binding. If a compromise agreed to by the next friend is put into judgment, it thereby becomes the action of the court and will bind the infant. All questions of authority of the next friend of an infant to bind him by an agreement to compromise an action are eliminated by the entry of an agreed judgment based upon the compromise agreement of the parties. It has been held in a number of cases that the court has power to sanction compromises in the settlement of estates, or litigations generally, in which the property rights of infants are concerned. If the court approves a compromise after an examination of the facts, the judgment or decree is binding upon the infant."

The compromise agreement has been entered into and the guardians ad litem representing the minors herein have submitted it to the Court for its approval and sanction. See *Metzner v. Newman,* 224 Mich. 324, 194 N. W. 1008, 1010, 33 A. L. R. at page 98, and annotation under the general subject "Power of Court to Authorize Compromise of Infants Rights in Controversies Over Estates or Property." In the *Metzner case,* the Court said: "We are also of the opinion that when infants' property rights are involved in litigation the general guardian or guardian ad litem may

negotiate for a compromise of the litigation, and if the court approves it, after an examination of the facts, the judgment or decree will be binding upon the infants. * * * This court, having looked with favor upon the adjustment of the differences of adult relatives with reference to the settlement of estates, will also look favorably upon the adjustment of differences in the family over the settlement of estates where infant legatees are interested, provided the proposed compromise of the differences is submitted to the court and a finding made that the settlement and compromise are for the best interest of the infants."

Quoting from *Thompson v. Maxwell Land-Grant & R. Co.,* 168 U. S. 451, 18 S. Ct. 121, 126, 42 L. Ed. 539: "It would be strange, indeed, if, when those authorized to represent minors, acting in good faith, make a settlement of claims in their behalf, and such settlement is submitted to the proper tribunal, and, after examination by that tribunal, is found to be advantageous to the minors, and approved by a decree entered of record, such settlement and decree can thereafter be set aside and held for naught on the ground that subsequent disclosures and changed conditions make it obvious that the settlement was not in fact for the interests of the minors, and that it would have been better for them to have retained rather than compromise their claims."

It was said in the case of *Reynolds v. Brandon,* 50 Tenn. 593, by the Supreme Court of Tennessee, this : "Whenever a court of chancery is called upon to sanction and enforce a contract of compromise, which involves the rights and interests of minors, it is bound, in the exercise of its general superintendence and protective jurisdiction over the persons and property of infants, to see that their rights and interests are not injuriously affected by such contract. They must have their day in court; they must be represented by guardians ad litem; the proof must satisfy the conscience of the chancellor that their rights and interest are promoted and secured by the compromise. When these

requisites are complied with, it is not simply the right, but the duty, of the chancellor to uphold and enforce such compromises, especially where they settle family disputes, and put an end to litigation as to doubtful rights. If the chancery court could not exercise its jurisdiction for the protection of the rights and interests of minors in such cases, the law extends to them less protection than it extends to adults."

The report of referee shows the minor children of ■ Norma Rogers Gray, Patsy Knight and Phillip Gray, and other defendant grandchildren cannot complain of the compromise settlement, because every grandchild will receive One Thousand ($1,000.00) Dollars, the same amount provided for them under Item 8 of the will; and they are receiving the money immediately rather than having to wait until they reach the age of 21 years. As to the minors Johnny Ray Hartzell, Jr., Searle Michael Hartzell and Ray Walter Hartzell, children of Helene Rogers Hartzell, under the compromise settlement they are each to receive One Thousand ($1,000.00) Dollars immediately. This is a benefit to them, provided for under the compromise settlement, over what they might have obtained under the will.

Under Item 9 of the will, the sum of Eight Thousand ■■ ($8,000.00) Dollars was devised to Helene Rogers Hartzell in trust, she to receive the income therefrom until she reached age 45 at which time if she be living, the trustee is directed to pay over the principal sum to her, and it is further provided that in the event of her death before reaching age 45, this sum to be paid to her surviving children in equal shares. The guardian ad litem representing these children complains that under the compromise settlement, they are divested of this contingent interest in the Eight Thousand ($8,000.00) Dollars. If the contestants, the children of Ray Walter Rogers, were successful in the will contest, these minor children of Helene Rogers Hartzell would take nothing, because they are not heirs at law. Under the compromise, the mother of these minors is receiving the

immediate benefits of the payment to her of Eight Thousand ($8,000.00) Dollars. In addition thereto, these same minor children are receiving the immediate benefit of the One Thousand ($1,000.00) Dollar bequest, contnngent upon their attaining the age of twenty-one (21), under the will. Taking all matters into consideration, it has been clearly made out that this compromise agreement will be for the best interest of the minors. The only other minor concerned is Richard Nowak. There can be no question that the compromise agreement is to his best interest. He was a stepson of the testator, and had the will been declared invalid, he would have inherited nothing. He, therefore, was in the position of defending the will contest, and thereby risking everything, or compromise the matter and having his interest reduced by one-third. Evidence of the fact that it was to his best interest is the compromise agreement itself executed by his mother, joined in by his brother, who has attained his majority, and approved by counsel and the guardian ad litem representing his interest. It all depends entirely upon what would have been the outcome of the will contest. There is ample evidence in the record that the contestants were acting in good faith and grounds were sufficient to point to probable success. The showing establishes beyond doubt that it is for the best interest of the adults and the minors to have confirmed the fair and reasonable compromise agreement.

Affirmed.