1820

Tamara Michele JENNINGS, Respondent v. Archie Shaw DARGAN, III, Darlene Jennings, and James C. Cox, Jr., Defendants, of whom Archie Shaw Dargan, III is Appellant.

(417 S.E. (2d) 646)

Court of Appeals

318

*Olin L. Purvis, III*, of *Purvis & Schurlknight*, Darlington, *for appellant.*

*Coming B. Gibbs, Jr.*, Charleston, *for respondent.*

Heard March 18, 1992; Decided May 11, 1992.

Reh. June 4, 1992.

CURETON, Judge:

This case involves the application of the doctrine of res judicata to an action between an adult child and her putative father. Tamara Michele Jennings filed an action against Archie Shaw Dargan, III, claiming he was her natural father. At the time of the action, Jennings was twenty years old and attending college. In her pleadings she sought a declaration that Dargan was her father and an order requiring him to pay her college expenses. In his answer, Dargan denied paternity and asserted several defenses including res judicata. He alleged the matter had been resolved by a prior action and settlement. The court concluded res judicata did not apply because the order entered in the 1978 case was not a valid final order since the court at that time did not comply with the applicable statute and made no finding that the settlement was "a fair one, in the best interests of the minor, and it was not approved by [the court]." Dargan has appealed this ruling and a venue ruling. We affirm.

I.

Darlene Jennings, the natural mother of Tamara Michele

Jennings, brought an action in 1978 against Archie Dargan alleging he was the father of Tamara Jennings. She sought child support. Tamara was then nine years old and was joined as a defendant. A local attorney was appointed guardian ad litem for her. Before trial the parties apparently entered into negotiations resulting in a settlement offer by Dargan of $8000. The guardian ad litem filed an answer recommending acceptance of the lump sum settlement because (1) Dargan was presently married and had three children, (2) his home was mortgaged and his income was limited, (3) there had been a long lapse of time between the birth of Tamara and the institution of the action, and (4) Dargan intended to contest the matter. Darlene Jennings signed an affidavit stating she had been fully advised by her attorney and the guardian ad litem. She understood no judicial or scientific determination had been made about the matter of paternity. She also stated she understood she "individually and in behalf of said minor child is relinquishing any claim that she or the minor child may have against [Dargan] for past, present, or future support and maintenance for the minor child." An order of dismissal was signed in 1979 by the family court judge. The order stated:

> WHEREAS the parties in this matter have settled their respective disputes and the case herein; and
> WHEREAS said settlement was made without the necessity of a hearing on the merits, it is, on motion of [counsel for Darlene Jennings] and with the consent of [counsel for Archie Dargan] and [the guardian ad litem] ORDERED, ADJUDGED AND DECREED that this action be, and the same hereby is, dismissed and forever ended with prejudice as to all parties.

The parties agree there is no indication from the record that the family court in 1979 either reviewed, had a hearing on, or approved the settlement. Accordingly, the court in this case concluded the court in 1979 did not comply with S.C. Code Ann. § 14-21-850 (1976) and the order was void.[1]

This court has held a guardian ad litem functions as a repre-

---

[1] Dargan's exception assigns error by the failure of the trial court to apply res judicata "where there was an identify of parties, subject matter and issues" in the prior action. He does not contest the trial court's holding that the prior order did not comply with the statute.

sentative of the court which appointed him to assist the court in properly protecting the interests of an incompetent person. *Shainwald v. Shainwald*, 302 S.C. 453, 395 S.E. (2d) 441 (Ct. App. 1990) (custody case). The court has the final obligation to protect the interests of an incompetent person. This obligation necessarily requires the court to exercise its duty in a prudent and judicious manner. The South Carolina Supreme Court has stated:

> Whenever a court of chancery is called upon to sanction and enforce a contract of compromise which involves the rights and interests of minors, it is bound, in the exercise of its general superintendence and protective jurisdiction over the persons and property of infants, to see that their rights and interests are not injuriously affected by such contract. They must have their day in court; they must be represented by guardians ad litem; the proof must satisfy the conscience of the chancellor that their rights and interest are promoted and secured by the compromise. *When these requisites are complied with*, it is not simply the right, but the duty of the chancellor to uphold and enforce such compromises, especially where they settle family disputes, and put an end to litigation as to doubtful rights. (emphasis added)

*Peoples Nat. Bank of Rock Hill v. Rogers*, 218 S.C. 11, 20, 61 S.E. (2d) 391, 396 (1950) (quoting from *Reynolds v. Brandon*, 50 Tenn. 593 (1871)).

While S.C. Code Ann. § 14-21-850 (1976) would have permitted the parties in the 1978 paternity action to have entered into the agreement regarding paternity and support, this section implicitly required a finding by the family court that the agreement was in the best interest of the minor. *Cf.* S.C. Code Ann. § 20-7-955 (1985); 42 Am. Jur. (2d) *Infants*, § 153 (1969). Additionally, the statute required independent approval of the agreement by the court. *Cf.* S.C. Code Ann. § 15-71-30 (1976) (repealed by Act No. 539, 1986 S.C. Acts 3446) (statute in effect at time required a hearing and court approval of minor's settlement in circuit court).

There is no indication the family court in 1979 performed its obligation to protect the interest of the minor by approving the settlement in a prudent and judicious manner. *Cook v.*

*Cobb*, 271 S.C. 136, 245 S.E. (2d) 612 (1978) (perfunctorily adopted custody agreement did not indicate an exercise of judicial discretion in determining whether the best interest of a minor child was being served by adopting the agreement). The order of dismissal states there was no hearing. The order does not indicate the court reviewed and approved the settlement in any form. Although we are cognizant of the policy respecting the finality of judgments, we are also concerned with the need to adequately protect the rights of minors. Where the two policies conflict, as they do in this case, the more overriding concern is the protection of the interests of minors. Accordingly, we affirm the ruling of the court that res judicata does not bar this action.

## II.

Dargan also appeals a ruling that venue of this case was proper in Charleston County. At the time of the action, Tamara was a resident of Charleston County and Dargan was a resident of Darlington County. The action was filed in Charleston County. As previously noted, Tamara sought a declaration that Dargan was her natural father and was responsible for her college expenses. Dargan sought a change of venue to Darlington County upon the grounds that he and the defendant—Cox (i.e. the guardian ad litem in the 1978-79 case) were residents of that county and the family court of Darlington County had continuing jurisdiction of the matter because of the 1978 litigation. The court denied the motion for change of venue holding the current case was brought as a paternity action under S.C. Code Ann. § 20-7-952 (1985).[2] The court concluded paternity actions may be brought in the county in which the child or the putative father resides under § 20-7-420(7). The court also held the family court in Darlington County had not retained jurisdiction over the matter because the 1979 order dismissed the case. We agree with the court. This is primarily a paternity action and venue is proper in the county where Tamara resides.

---

[2] Although the respondent's complaint refers to the action as also brought pursuant to § 15-53-10 to declare the 1979 order void, the family court viewed it simply as a petition for a determination of paternity under § 20-7-952. No exception was taken to this characterization.

Dargan also argues Tamara is barred under Rule 60(b), SCRCP from attacking the 1979 order because she waited an unreasonable time to commence this action. Because the trial judge held the 1979 order did not have res judicata effect, this argument is without force. Moreover, Dargan did not make this argument to the trial judge and the court did not rule on the issue. No Rule 59(e) motion was filed and therefore the issue is not preserved for appellate review.

Affirmed.

BELL and GOOLSBY, JJ., concur.