THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services, Respondent,
v.
Gerald Lancaster, Appellant.
 
 
 

Appeal From Richland County
 Roger E. Henderson, Family Court Judge
 H. Bruce Williams, Family Court Judge

Unpublished Opinion No. 2006-UP-257
Submitted May 1, 2006  Filed May 19, 2006

AFFIRMED

 
 
 
Gerald Lancaster, of Columbia, for Appellant.
Thomas A. Boland, of Columbia, for Respondent.
 
 
 

PER CURIAM:  On June 25, 2001, the South Carolina Department of Social Services (SCDSS) commenced a child support enforcement action against Gerald Lancaster for the support of his son Broderick.  Lancaster appeals the family court order requiring him to pay child support.    
We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities:  
As to Issue I regarding whether the dismissal with prejudice of a order granting child support estops any future action for child support:  Powell v. Powell, 256 S.C. 111, 116, 181 S.E.2d 13, 16 (1971) (It is the duty of all courts to do that which is for the best interest of minor children and to protect their rights at every stage of a proceeding . . . .); Jennings v. Dargan, 308 S.C. 317, 321, 417 S.E.2d 646, 648 (Ct. App. 1992) (adopting the general rule that in a conflict between the policy respecting the finality of judgments and the need to adequately protect the rights of minors, the protection of the interests of minors is the overriding concern); 67A C.J.S. Parent & Child § 167, at 294 (2002) (stating the rights of a child cannot be affected by any kind of estoppel against the mother and minor children cannot waive the right to receive a fathers support); see also South Carolina Dept of Soc. Servs. v. Parker, 275 S.C. 176, 178, 268 S.E.2d 282, 283 (1980) (holding the doctrine of estoppel will not be applied to deprive [SCDSS] of the due exercise of its police power or to thwart its application of public policy.); cf. Henderson v. Henderson, 298 S.C. 190, 196, 379 S.E.2d 125, 129 (1989) (Family courts are empowered to modify child support upon a proper showing of a change in either the childs needs or the supporting parents financial ability.); Walker v. Walker, 306 S.E.2d 485, 486 (N.C. Ct. App. 1983) (noting that adjudications for the support of a minor child are never final).
As to Issue II concerning SCDSSs alleged failure to file its amended complaint within thirty days:  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.); Noisette v. Ismail, 304 S.C. 56, 403 S.E.2d 122 (1991) (holding an issue is not preserved for appellate review where the court did not explicitly rule on the appellants argument and the appellant did not raise the issue in
a Rule 59(e), SCRCP, motion to alter or amend the judgment); Fishburne v. Short, 268 S.C. 546, 235 S.E.2d 118 (1977) (ruling an error without prejudice does not warrant reversal).  
AFFIRMED.[2]
HEARN, C.J., and GOOLSBY and ANDERSON, JJ., concur.   

[1]  Lancaster did not argue the remaining issues listed in his Statement of Issues on Appeal and thereby abandons them.  See Fields v. Melrose Ltd. Partnership, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) (An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court.); Rule 208(b)(1)(D), SCACR (The brief shall be divided into as many parts as there are issues to be argued.  At the head of each part, the particular issue to be addressed shall be set forth in distinctive type, followed by discussion and citations of authority.).
[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.